Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMÁN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2000 C 2529 | **DATE** | 5/15/2001 |
| **CASE TITLE** | Michael Day v. Office of Cook County Sheriff, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. Defendant Sorci's motion to dismiss [12-1] is granted. Because the court finds all defendants have qualified immunity from damage claims, this suit is dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B), terminating case. All pending motions are denied as moot.

(11) ■ For further detail see order attached to the original minute order.

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials

FILED FOR DOCKETING
01 MAY 18 PM 4:33

number of notices

MAY 21 2001 date docketed

docketing deputy initials

date mailed notice

mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL DAY, )
)
Plaintiff, ) No. 2000 C 2529
)
v. ) Judge Ronald A. Guzmán
)
OFFICE OF COOK COUNTY SHERIFF, et al.,)
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Day filed this pro se complaint under 42 U.S.C. § 1983 alleging that the Office of the Cook County Sheriff, Deputy Sheriff Donna Sorci, and other unnamed deputies deprived him of rights guaranteed by the Constitution of the United States. The court granted leave to appeal in forma pauperis on July 18, 2000, but dismissed the "Office of Cook County Sheriff" and the "Office of Clerk of Cook County Courts" as defendants, as they are not suable entities. The court did not construe these designations as denoting the Sheriff and the Clerk in their official capacities. An official capacity suit is effectively a suit against the employing governmental entity, and requires an allegation that the plaintiff's injury was due to some official custom or policy of that entity. *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 478-79 (7th Cir. 1997). Day did not allege any official custom or policy.

Sorci, the only defendant served to date, has moved to dismiss the complaint. A motion to dismiss should not be granted unless the court concludes that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The court assumes that the alleged facts are true and draws every reasonable inference in the plaintiff's favor. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999).

According the complaint, defendant Sorci works in a civil courtroom at the Circuit Court of Cook County at the Daley Center in Chicago. Day, who was not represented by counsel, had an

unspecified case pending before an unnamed judge in this courtroom. Day first complains that on April 29, 1998, Sorci conspired with opposing counsel to change the wording in an order the judge had directed opposing counsel to submit. Day was able to bring this to the attention of the judge and the order was corrected.

Day then alleges that on May 1, 1998, he tried to present an emergency motion to stay judgment. Because he had already appealed the judgment, the case file was unavailable. The clerk gave him a computer printout rather than the file to take to the courtroom where the motion was to be heard. While Day was waiting in line to give the printout to the courtroom clerk, Sorci came up to him, took the printout, told him she would give it to the clerk, and told him to sit down. Day then saw Sorci speaking with opposing counsel.

Some minutes later, Sorci handed Day the printout and told him that the clerk would not call the motion if Day only had the printout. Day said this was not true, and asked Sorci to tell the clerk that this was an emergency motion. Sorci refused, and would not let Day approach the clerk. When Day tried to catch the judge's attention by waving his hand, the judge told him not to do so.

About ten minutes after this, another deputy came into the courtroom and asked Day to come outside. Day told the deputy what happened. More deputies arrived, including two sergeants. Sorci told them that Day needed the court file, not the printout; Day alleges that Sorci knew this was not true. Day, Sorci, and the deputies then approached the courtroom clerk who confirmed that Day needed the court records rather than the printout. Day alleges that she, too, knew this was false but "acted at the behest" of Sorci. The sergeants then left. When Day attempted to remain in the courtroom, he was told by the deputies that he had to leave. Day then attempted to go to the law library on the 29th floor of the Daley Center, but the deputies insisted that he leave the building altogether. Day complied.

2

Day asserts that the defendants deprived him of his constitutional right of access to the courts, his right to witness other court proceedings, and his right to read in the library, invoking the First, Fifth, and Fourteenth Amendments.

Sorci is not liable in her official capacity, because Day has not alleged that she is a policymaking official and the actions of which Day complains are not the result of an official policy. *Lanigan, supra*. She is also not liable in her individual capacity for interfering with Day's access to the courts. Sorci's motion pointed out that Day had alleged no injury as a result of his being put out of the courtroom -- no viable claim lost, or other tangible injury inflicted. In response, Day alleged none. It is fundamental that there can be no claim under § 1983 without an injury. *Niehus v. Liberio*, 973 F.2d 526, 531-32 (7th Cir. 1992). The right to be heard in court is only instrumental, a means of protecting other rights. Interference with one's access to the courts will not support a constitutional claim if there has been no consequent injury. *Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir. 1998), *citing Lewis v. Casey*, 518 U.S. 343, 349-53 (1996).

Sorci arguably participated in Day's ejection from the Daley Center. Drawing reasonable inferences in Day's favor, Sorci told the other deputies that Day was being a nuisance, prompting their actions. Reading the complaint in Day's favor, we assume he was not causing a disturbance. Nevertheless, "every official abuse of power, even if unreasonable, unjustified, or outrageous, does not rise to the level of a federal constitutional deprivation." *Lanigan*, 110 F.3d at 471 (*quoting Kernats v. O'Sullivan*, 35 F.3d 1171, 1175 (7th Cir. 1994)). The deputies' actions in expelling Day from the Daley Center can be analyzed either as an unreasonable "seizure" under the Fourth Amendment, as applied to state government via the Fourteenth Amendment's Due Process clause, or directly under the Due Process Clause as a violation of "substantive due process."

The archetypical "seizure" is an arrest, when "there is a governmental termination of freedom of movement through means intentionally applied," such that "a reasonable person would have believed that he was not free to leave." *Tesch v. County of Green Lake*, 157 F.3d 465, 472 (quoting

3

*Brower v. County of Inyo*, 489 U.S. 593, 597 (1989), and *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)). The situation presented here is difficult to classify as a seizure. Day was free to leave, indeed, was told to leave, but was not free to remain in the courtroom or to go elsewhere in the building. There are few cases addressing the question of what right, if any, is violated when a police officer without justification limits a person's liberty without detaining him.

In *Kernats*, *supra*, a panel of the Seventh Circuit could not agree whether a sheriff's forcing the plaintiffs to leave their home on pain of arrest amounted to a "seizure" under the Fourth Amendment. Judge Rovner stated in a concurrence that in her opinion the plaintiffs had been "seized," while District Judge Crabb, sitting by designation, in a separate concurrence forcefully disagreed that the Fourth Amendment extended to such cases. The third member of the panel, Judge Flaum, stated the point of agreement deciding the case: because the law was unsettled in 1991 when the claim arose, the defendants had qualified immunity.

Under the doctrine of qualified immunity, "governmental officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The contours of a "clearly established" right 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Lanigan*, 110 F.3d at 471.

In *Spiegel v. City of Chicago*, 106 F.3d 209, 212 (7th Cir. 1997), *cert. denied*, 522 U.S. 816 (1997), police officers had ordered the plaintiff to leave the building after his landlord locked him out of his apartment. The Seventh Circuit acknowledged that *Kernats* had left the question undecided whether this could be a constitutional violation, and, as in *Kernats*, affirmed the dismissal of the complaint on grounds of qualified immunity.

As a practical matter, qualified immunity disposes of Day's claim here. The Seventh Circuit in *Spiegel* found that the law had been unsettled in 1994, when the plaintiff's claim arose, and by

dividing on the underlying substantive claim, left it as unsettled as before. In 1999 Judge Zagel of this court held that no clearly established right had existed in 1999. *White v. City of Markham*, No. 99 C 3162, 1999 WL 1044835 (N.D.Ill. 1999).

This court agrees. A reasonable sheriff's deputy in defendants' position would not have understood that his or her actions violated Day's constitutional rights. It is commonly accepted that police officers may order persons in public places to move without violating their rights. As Judge Crabb noted in her concurrence in *Kernats*, "I know of no case, for example, in which a court has held that persons loitering on a street corner were seized when told to leave or that street vendors operating without a license were seized when forced away from their chosen place of business." *Kernats*, 35 F.3d at 1184.

The court grants Sorci's motion to dismiss. As the same qualified immunity would bar relief against the remaining defendants, the suit will be dismissed as to them as well; Day's motion to amend the complaint to add the names of previously unnamed defendants is denied as moot. While qualified immunity is an affirmative defense the yet-unserved defendants could waive, "no principle forbids a court to notice that such a defense exists, is bound to be raised, and is certain to succeed when raised." *Buckley v. Fitzsimmons*, 20 F.3d 789, 793 (7th Cir. 1994), *cert. denied*, 513 U.S. 1085 (1995). The court has the power under 28 U.S.C. § 1915(e)(2)(B) to dismiss a suit at any time if the court determines that the suit "seeks monetary relief against a defendant who is immune from such relief." This suit is accordingly dismissed in its entirety.

IT IS SO ORDERED.

Ronald A. Guzmán, Judge
United States District Court

DATED: 5/15/07

5