Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2529 | **DATE** | 6/6/2001 |
| **CASE TITLE** | MICHAEL DAY vs. OFFICE OF COOK COUNTY SHERIFF, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion for reconsideration [40-1] and to amend his complaint [39-1] are denied. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | JUN 1 2 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | 42 |
| | Mail AO 450 form. | FILED FOR DOCKETING 01 JUN 11 PM 3:15 | 6/8/2001 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| CG | courtroom deputy's initials | | CG | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL DAY,

    Plaintiff,

v.

OFFICE OF COOK COUNTY SHERIFF, et al.,

    Defendants.

No. 2000 C 2529

Judge Ronald A. Guzmán

DOCKETED
JUN 1 2 2001

## MEMORANDUM OPINION AND ORDER

By order entered May 21, 2001, the court granted defendant Donna Sorci's motion to dismiss. Plaintiff Michael Day filed a timely motion to vacate the judgment under Rule 59(e), Fed.R.Civ.P. and a motion for leave to amend the complaint. In evaluating the motion to vacate the judgment, the court considers the merits of Day's request for leave to amend his complaint, keeping in mind, however, that Rule 15(a)'s presumption that "leave to amend shall be freely given" disappears once judgment has been entered. *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir. 1994). "At this juncture, the party making a Rule 59(e) motion so that it can amend its complaint had better provide the district court with a good reason to grant its motion." *Id.* Day did not tender a proposed amended complaint, as is normally required in such cases, *id.*, but only a number of statements he wishes to add to it. Day is proceeding *pro se*, and his handwritten filings suggest he may not even have a typewriter. Nevertheless, the right to proceed *pro se* is not a right to compel the court and opposing counsel to do one's own work.

Day's motion to vacate judgment attempts to argue that his ejection from the Daley Center was a "seizure" under the Fourth Amendment. The court believes it was not. In *County of Sacramento v. Lewis*, 523 U.S. 833, 844 (1998), the Supreme Court held that a "seizure" of a person involves a "governmental termination of freedom of movement" through "means intentionally applied." Applying that definition, the Court held that a motorcyclist pursued by a police car had not been "seized"; by analogy, Day was not "seized" when he was escorted from the Daley Center, although, like the motorcyclist, his freedom of movement was limited by his desire to avoid arrest.

Whether or not this analysis is correct, the court stands by its finding that it was not -- and still is not -- clearly established that a person told by a police officer to leave a public building has been

"seized" for purposes of the Fourth Amendment's requirement that seizures be reasonable. Day does not appear to have understood the doctrine of qualified immunity. Qualified immunity, as a defense to constitutional torts, has nothing to do with "good faith." If the right the plaintiff claims to have been infringed was not clearly established at the time, an individual defendant is not liable for damages and his or her motive is irrelevant. *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998) ("a defense of qualified immunity may not be rebutted by evidence that the defendant's conduct was malicious or otherwise improperly motivated. Evidence concerning the defendant's subjective intent is simply irrelevant to that defense").[1]

The court dismissed Day's claim that Sorci had interfered with his First Amendment right of access to the courts because he had alleged no resulting injury. Day wishes to amend his complaint to add the following allegation:

> Plaintiff's motion was for a stay of judgment against eviction from his apartment. Without this stay plaintiff lost his apartment. The Courts are available for determinations of dues process for lost [sic] of property. Plaintiff's ulcer kicked up because of Defendants action.

Sorci's motion to dismiss directly raised the question of whether Day had suffered any injury. Def. Br. at 8-10. Day does not explain why he did not assert these allegations of injury in his response to Sorci's motion. In his response, Day argued that because he sought a stay of judgment, "time was of the essence," and "time was relevant and there could be no delay permitted." Plf. Resp. at 8, 10. Day also argued strongly that interference with his access to the court was enough and damages need not be shown at all.

The allegations Day wishes to add could have been raised in his response. *Hrubec v. National R.R. Passenger Corp.*, 981 F.2d 962, 963-64 (7th Cir. 1992). Day did not raise them, although, as Sorci pointed out in her reply, Day's response added several new factual allegations. Only after the court granted Sorci's motion did Day propose to add new facts arguably meeting Sorci's objections.

---

[1] While the doctrine of "substantive due process" limits arbitrary abuses of official power, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *County of Sacramento*, 523 U.S. at 846. The standard for finding a violation of substantive due process is whether the alleged conduct "shocks the conscience," a test first articulated in *Rochin v. California*, 342 U.S. 165, 172-73 (1952). *Id*; *Schacht v. Wisconsin Dept. of Corrections*, 175 F.3d 497, 502 (7th Cir. 1999). Possibly if the conduct were sufficiently outrageous, a reasonable officer could be assumed to know that he or she had denied a plaintiff substantive due process, overcoming the barrier of qualified immunity. The facts alleged here do not "shock the conscience."

2

A plaintiff's unexcused delay in raising new allegations is sufficient reason to deny a post-judgment motion to amend the complaint. *Figgie International, Inc. v. Miller*, 966 F.2d 1178, 1181 (7th Cir. 1992). In the case of a motion for summary judgment, the rule is absolute: a party may not seek reconsideration of a grant of summary judgment on the basis of evidentiary material that could have been offered in opposition to the summary judgment motion. *Caisse Nationale De Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Motions to dismiss are not as time-consuming either to bring or to decide, and the court can entertain a post-judgment motion to amend the complaint. Nevertheless, a party may not litigate by afterthought. If Day wished to proceed on his apparent theory that no showing of injury was required to state a claim for interference with access to the courts, he was free to stand on his complaint, and, if he lost, take his case to the Court of Appeals. But it is wasteful and inefficient to let the district court decide a question and only afterwards offer additional input.

The court also seriously doubts that the injury Day wishes to allege saves his claim. Was Day's being compelled to vacate his apartment sooner rather than later a compensable injury? Day does not allege that he had a meritorious defense he was prevented from raising in the eviction proceeding; he was seeking only a stay of judgment. As judgment had been entered against him, he had no legal right to remain in the apartment. (Day does not allege that the judgment was reversed on appeal, so that if he had received a stay he would not have had to move.) Judges can and do grant tenants short deferments of eviction to reduce hardship, but this is a matter of grace, not of right. It is speculative whether the judge would have granted Day a reprieve, and for how many days.

Further, assuming the judge would have given Day a reprieve, what was Day's loss in not getting it? Surely not the rental value of the apartment he could not continue to occupy, since Day would have had a legal obligation to pay rent for as long as he remained as a holdover tenant. If he couldn't pay, he would effectively have received free housing at the landlord's expense, but that is not a loss of a property right that should be compensated in damages. Nor can his damages be measured by the amount of rent Day had to pay to stay elsewhere for those days the judge might have let him remain in the apartment, since he was not entitled to stay there rent-free, either. Either way would be a windfall to Day, not compensation.

Having to move imposes expenses, but those expenses are not avoided by moving later rather than sooner. Perhaps if Day had been given time, he could have satisfied his landlord, been permitted to stay, and saved moving expenses. Perhaps if he had been permitted to stay on he would have received better housing for his money than what he had to accept when he moved. But this is adding speculation on speculation. Moving in haste is more stressful than moving at leisure, but at this point we are in the realm of those small, non-quantifiable injuries that the law regards as *de minimis*, i.e., trifling. "[I]f a loss is not only small but also indefinite, so that substantial resources would have to be devoted to determining whether there was any loss at all, courts will invoke the *de minimis* doctrine and dismiss the case, even if it is a constitutional case. The costs of such litigation overwhelm the benefits." *Hessel v. O'Hearn*, 977 F.2d 299, 303 (7th Cir. 1992).

Finally, Day filed a supplement to his motion for reconsideration pointing out that the court did not consider the "free speech count." Day had asserted that Sorci and the other defendants deprived him of his right to observe court proceedings and discuss them with other spectators. Day also asserts that he had a First Amendment right to read in the courthouse library. Cmplt. ¶¶ 16-20.

The court did overlook this claim, but it is frivolous. "Judicial proceedings in the United States are open to the public--in criminal cases by constitutional command, and in civil cases by force of tradition." *Lopacich v. Falk*, 983 F.2d 74, 75 (7th Cir. 1992). That right to open judicial proceedings, however, belongs to the public as a whole, as its purpose is not to provide entertainment or education to individuals, but to ensure that judicial proceedings are honest. "The value of openness lies in the fact that people not actually attending trials can have confidence that standards of fairness are being observed; the sure knowledge that *anyone* is free to attend gives assurance that established procedures are being followed and that deviations will become known. Openness thus enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system." *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 508 (1984).

Because the requirement that judicial proceedings be public is not for the benefit of the spectators in the courtroom, but for the benefit of criminal defendants, civil litigants and society generally, that requirement does not translate into a judicially enforceable right for individual members of the public to observe judicial proceedings. Presumably any member of the public has the right -- although the right is usually asserted by members of the press, who have a pecuniary

4

interest in gathering information -- to challenge an attempt to shield judicial proceedings from public view. But the court is unaware of any opinion finding that a spectator's constitutional right had been infringed by ejecting him, without sufficient cause, from an otherwise public courtroom.[2] If spectators belonging to some identifiable segment of society were excluded from a courtroom it would be a different case, but the public interest in public judicial proceedings is simply unaffected by the removal of an individual spectator.

Day could reasonably argue that his right, as a member of the public, to *walk into* a Daley Center courtroom was clearly established. But it was not, and is not, clearly established that court officials could not eject a spectator if they believed, rightly or wrongly, that he was being a nuisance or creating a disturbance. Qualified immunity accordingly dooms this claim as well.

Day's claim that his right to discuss proceedings with other spectators was infringed is frivolous. Nothing prevented him from meeting them at a mutually agreeable place for that purpose. Day had no right to speak to anyone in the courtroom, apart from his right to be heard as a litigant. The court was not a public forum in which he was entitled to address other spectators.

The court also does not accept that the First Amendment gives anyone a right to sit and browse in the courthouse library. Day's right to be in the library was the same right he had to be in any other part of a public building. If insisting that he leave the building completely did not violate any clearly established right, *a fortiori* he could be told he could not go to the library.

Day's motions for reconsideration and to amend his complaint are accordingly denied.

IT IS SO ORDERED.

DATED: 6/6/07

Ronald A. Guzmán, Judge
United States District Court

---

[2] Most persons ejected from courtrooms are ejected on the direct order of the presiding judge, cloaking the court officers who carry out the order with judicial immunity. *See Kinckaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), cert. denied sub nom. *Sceifers v. Vail*, 506 U.S. 1062 (1993). Day did not allege that the judge ordered his removal from the courtroom.

5